UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GARLAND P. JEFFERS,

Petitioner,

v.                                        CAUSE NO.: 3:19-CV-452-JD-MGG

WARDEN,

Respondent.

OPINION AND ORDER

Garland P. Jeffers, a prisoner without a lawyer, filed a habeas corpus petition
challenging the disciplinary decision (WCC 18-10-472) at the Westville Correctional
Center in which a disciplinary hearing officer (DHO) found him guilty of possessing a
controlled substance in violation of Indiana Department of Correction Offense 202.
Following a disciplinary hearing, he was sanctioned with a loss of ninety days of earned
credit time, but the sanction was suspended for six months pending good behavior. The
sanction expired on June 18, 2019, and was never imposed. Pursuant to Section 2254
Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from
the petition and any attached exhibits that the petitioner is not entitled to relief in the
district court."

"[A] habeas corpus petition must attack the fact or duration of one's sentence; if
it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*,
564 F.3d 1350, 1351 (7th Cir. 2009). Jeffers argues that he did not receive a fair
disciplinary hearing, but the length of his sentence was not increased as a result of this

hearing. While the sanctions included a loss of earned credit time, this sanction was suspended and has not been imposed. Further, because this sanction expired on June 18, 2019, there is no longer even a prospective threat of an increased sentence as a result of this hearing. Therefore, Jeffers' claims are unrelated to the fact or duration of his confinement and are thus not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Jeffers is not entitled to habeas relief, the petition is denied. If Jeffers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4;

(2) GRANTS the motion for leave to proceed in forma pauperis (ECF 2);

(3) WAIVES the filing fee;

(4) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Garland P. Jeffers leave to proceed in forma pauperis on appeal.

SO ORDERED on June 19, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT